IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTON THURMAN MCALLISTER, )
)
Plaintiff, )
)
v. ) 1:19-CV-1034
)
WELLPATH HEALTH CARE, et al., )
)
Defendants. )

## ORDER

The plaintiff, Anton McAllister, is a pre-trial inmate in custody at the Forsyth County Detention Center. He contends that the defendants are governmental entities, officers, and employees who are violating his constitutional rights by deliberate indifference to his medical needs. Mr. McAllister seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and the matter is before the Court to determine if the proposed complaint if "frivolous, malicious, or fails to state a claim upon which relief may be granted." Section 1915A(b). Also pending is Mr. McAllister's motion to file a second amended complaint.

After consideration of the record, the Court adopts the Magistrate Judge's Recommendation as to the original complaint and first amended complaint and will dismiss all claims related to the medical care for Mr. McAllister's diabetes and hepatitis C except the deliberate indifference claims against defendants Basholm, Williams and Rhoades. The Court will allow the second amended complaint to go forward as to deliberate indifference claims against the defendants Forsyth County Sheriff's Office,

Bobby Kimbrough, R.E. Slater, and Rocky Joyner, arising out of the COVID-19 pandemic but denies the motion to amend to assert deliberate indifference claims against all defendants arising out of his treatment for diabetes and hepatitis C.

## PROCEDURAL HISTORY

Mr. McAllister initially filed his complaint on October 9, 2019 against a number of persons and entities involved with providing health care, or providing access to health care, at the Forsyth County Detention Center. Doc. 1. Soon thereafter, he filed an amended complaint as a matter of right, asserting claims against several new defendants. Doc. 3. Later, he filed a voluminous paper writing with no caption which otherwise did not appear to constitute a pleading authorized by the Federal Rules of Civil Procedure. Doc. 4. The Magistrate Judge treated the paper writing as a second amended complaint and struck it, as the plaintiff had not received permission to file a second amended complaint. Text Order 05/06/2020.

On May 29, 2020, the United States Magistrate Judge filed a Recommendation in accordance with 28 U.S.C. § 636(b). Doc. 5. The Magistrate Judge recommended that this action be dismissed pursuant to 28 U.S.C. §1915A for failing to state a claim upon which relief may be granted as to all claims except the claims based of deliberate indifference to the plaintiff's medical treatment by defendants Basholm, Williams and Rhoades. Doc. 5. The Magistrate Judge further recommended that the medical malpractice claims, the claims of deliberate indifference against defendants WellPath and HIG Capital based on their policies, and the product liability claim against defendant Eli Lilly be dismissed without prejudice. *Id.*

Mr. McAllister filed an objection to parts of the Recommendation, but he agreed to a voluntary dismissal of his claims against Eli Lilly and Captain Warren and to all his medical malpractice claims. Doc. 7. His main objection to the recommended dismissal of his constitutional claims against other defendants seems to be that his allegations are not conclusory. *Id.*

A few weeks later, Mr. McAllister filed a motion to amend the complaint to cure certain deficiencies. Doc. 8. The proposed amended complaint is more in the nature of a supplement, as it does not address at all his claims against defendants Basholm, Williams and Rhoades and it raises new claims based on events after the date the first amended complaint was filed. *See* Fed. R. Civ. P. 15(d).

## ANALYSIS AND DISCUSSION

The Court has reviewed the Magistrate Judge's recommendation and agrees that all claims asserted in the First Amended Complaint except the deliberate indifference claims against defendants Basholm, Williams and Rhoades should be dismissed. The plaintiff's objections do not undermine the Magistrate Judge's reasoning or conclusions.

The plaintiff also seeks to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a) and 15(d). He first contends that he is entitled to file an amended complaint as a matter of course because the Magistrate Judge's recommendation is equivalent to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court need not resolve this issue, since even if the plaintiff is entitled to file his second amended complaint as a matter of right, that amended complaint is still subject to review under § 1951A: whether the proposed amended

3

complaint is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).[1]

The Court has reviewed the supplemental complaint and to the extent it is directed towards the medical care he received for diabetes and hepatitis C, it suffers from the same faults as the first amended complaint. The factual allegations are basically the same, and they provide little to no additional detail. For the same reasons stated by the Magistrate Judge, these claims should not proceed.

The plaintiff does seek to add a new defendant, one of the County Commissioners. This claim is frivolous.

The plaintiff also seeks to add new claims against the Sheriff's Department, Sheriff Kimbrough, and jail officers Rocky Joyner and R.E. Slater arising out the COVID-19 outbreak at the jail. While not completely clear, he appears to ground these claims in the constitutional protections against deliberate indifference to a substantial risk of serious harm to an inmate. He identifies specific decisions, actions, and inactions, taken by the proposed defendants as to jail operations generally and to him specifically which increased his risk of contracting the disease. While some of the actions alleged

---

[1] Under the Rules of Civil Procedure, a party may amend a complaint a second time only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied only in three situations: when the opposing party would be prejudiced, when the amendment is sought in bad faith, or when the proposed amendment would be futile." *Logue v. Patient First Corp.*, 246 F. Supp. 3d 1124, 1126 (D. Md. 2017) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)). Here there is nothing to indicate the opposing party would be prejudiced, as no defendants have yet been served. Nor is there anything to indicate the plaintiff is acting in bad faith. Whether the proposed amendment is futile will be evaluated under the same test established in § 1915A(b).

4

probably constitute negligence at most, taken as a whole, he arguably states a claim for relief on a constitutional claim. *See generally*, *Coreas v. Bounds*, Civ. No. TDC-20-0780, 2020 WL 1663133, at *11 (D. Md. Apr. 3, 2020) (collecting deliberate indifference cases arising out of COVID-19 in detention facilities).

Therefore, the motion to amend the complaint to add the COVID-19 related § 1983 claims against these four defendants will be granted.

It is **ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A, all claims in the complaint, Doc. 1, and first amended complaint, Doc. 3, are **DISMISSED** except for the claims based on allegations of deliberate indifference related to the plaintiff's medical treatment by defendants Basholm, Williams and Rhoades. As to defendants Basholm and Williams, the operative complaint is Doc. 1 and as to defendant Rhoades, the operative complaint is Doc. 3.

2. The medical malpractice claims, the claims of deliberate indifference against defendants WellPath and HIG Capital based on their policies, and the product liability claim against defendant Eli Lilly are **DISMISSED** without prejudice.

3. The motion to file an amended complaint, Doc. 8, is **GRANTED** in part and the plaintiff's Section 1983 claims based on deliberate indifference arising out of the COVID-19 pandemic may proceed against defendants Forsyth County Sheriff's Office, Bobby Kimbrough, R.E. Slater, and Rocky Joyner.

4. The motion to amend is otherwise **DENIED,** as the remaining claims asserted do not meet the standard required by 28 U.S.C. § 1915A, for the same reasons stated by the Magistrate Judge.

5. As to defendants Forsyth County Sheriff's Office, Bobby Kimbrough, R.E. Slater, and Rocky Joyner, the operative complaint is Doc. 8, to the extent it is directed to the § 1983 claim arising out of the defendants' response to the COVID-19 pandemic.

6. The matter is referred to the Magistrate Judge to oversee case management.

This the 14th day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE